ROTHSCHILD, P. J.,
Dissenting. — I disagree with the majority opinion’s reasoning and result. I therefore respectfully dissent.
It appears to be undisputed that the insurer’s investigators concluded that a transient intentionally started the fire on the floor of the kitchen in order to keep warm but did not intend the fire to grow as large and destructive as it did. The question is whether such a fire constitutes vandalism.
The majority reasons that because the common understanding of malice requires actual ill will or intent to injure, the undisputed facts do not show that the fire was vandalism. I am not persuaded.
*912 The Merriam-Webster dictionary definition of “vandalism,” which the majority quotes from the superior court’s ruling, says that vandalism is “ ‘ “willful or malicious destruction or defacement of public or private property.” ’ ” (Maj. opn., ante, at p. 908.) Vandalism thus need not be malicious, as long as it is willful. In this context, “willful” means “done deliberately” and is synonymous with “intentional.” (Merriam-Webster Diet. Online <http://www.merriam-webster.com/dictionary/willful> [as of Apr. 3, 2015].)
The majority disposes of the issue of willfulness in a footnote, reasoning that because there is evidence that the transient tried “to stop the spread of the fire,” there is “a triable issue of fact as to whether the fire was intended to be destructive of property.” (Maj. opn., ante, at p. 908, fn. 7.) I do not agree that the transient’s apparent efforts to stop the spread of the fire create a disputed issue of fact as to whether intentionally starting a fire on the kitchen floor is willful destruction or defacement of property. Starting such a fire would inevitably damage or deface the floor. It therefore constitutes vandalism under the Webster’s dictionary definition. And it does not matter that the person who started the fire did not intend for it to become as destructive as it did. The insurance policy exclusion applies to both direct and indirect loss from vandalism. Starting the fire was vandalism (because it was willful destruction or defacement), so the loss resulting from the fire is not covered.
It also does not matter that the person who started the fire did it to keep warm. What is relevant is that someone intentionally started the fire on the kitchen floor, which constitutes willful destruction or defacement of property.
I find the majority’s analysis of the issue of malice similarly unpersuasive. The majority explains that malice in fact “consists of actual ill will or intent to injure.” (Maj. opn., ante, at p. 909.) For the same reasons that the undisputed facts show willful destruction or defacement, they also show intent to injure — the person who started the fire intentionally damaged the kitchen floor. Again, it does not matter that the person who started the fire did it to keep warm or did not intend the fire to become as destructive as it did. Intentionally starting a fire on the kitchen floor constitutes intentionally damaging (or injuring) the kitchen floor, so the undisputed facts show intent to injure.
In my view, although one can sympathize with plaintiff for the loss he has suffered, in this lawsuit he is seeking to recover benefits for which he did not pay. The damage was caused by a fire started on the kitchen floor (not in a fireplace) by a transient. That is the kind of willful destruction that becomes much more likely when the property is left vacant for an extended period. Therefore, in addition to fitting within the literal terms of the exclusion, it *913 seems like the kind of thing to which the exclusion ought, in fairness, to apply. Plaintiff did not pay for insurance for this loss.
For all of the foregoing reasons, I would affirm the judgment of the superior court. I therefore respectfully dissent.
Respondent’s petition for review by the Supreme Court was denied June 17, 2015, S226428.